## BARON v NIEPOLD

### Case No. 84-1839-AP-01

Twentieth Judicial Circuit, Appellate Division, Collier County

June 14, 1985

### APPEARANCES OF COUNSEL

**Merrill N. Johnson** for appellant.

**John L. Laskey** for appellee.

Before HAYES, PACK, ADAMS, JJ.

### OPINION OF THE COURT

HUGH D. HAYES, Circuit Judge.

REVERSED and REMANDED.

THIS CAUSE is before our Court based upon an Appeal from the

jurisdiction of the County Court, pursuant to Rule 9.030(c), Rules of Appellate Procedure. We have jurisdiction.

This cause was tried in the County Court, in and for Collier County, Florida on the 17th day of May, 1984. The proceedings at the lower level were not recorded and pursuant to Rule 9.200(a)93), a Stipulated Statement was presented. From this Stipulated Statement, it appears as follows:

During the summer of 1983, the Appellees and the Appellant were the owners of adjacent lots in the Port Royal subdivision located in Naples, Florida. The Appellees sued the Appellant and alleged that during the summer of 1983 the Appellant trespassed upon the Appellees' property and destroyed a large Brazilian pepper tree while the Appellees were out of the city and demanded damages. The Appellant answered denying that he had trespassed on the Appellees' property or that he had destroyed their tree and, instead, claimed that prior to the construction of the Appellant's house on his lot, the Appellant and the Appellees had made an oral agreement, whereby, in exchange for the Appellant agreeing to move his house twenty-eight (28) feet farther back from the water than originally planned, the Appellees agreed to remove the subject Brazilian pepper tree so that it would not block the view from the Appellant's house. Appellees denied any such agreement was made.

At trial, the Appellees testified that the subject tree was located closely adjacent to the lot line between their screen enclosed pool deck and the property of Appellant. The Appellees went out of town for several weeks during the summer of 1983 and when they returned, the tree had been severely cut, leaving only the main trunk. The Appellees denied ever making any agreement with the Appellant relative to the tree prior to the construction of the Appellant's house or at any other time relevant to these proceedings.

The key witness for the Appellees', Mr. Terrence Perkins, testified at trial that he had served for many years as the lawn and maintenance man for the Appellees, and immediately after being notified of the damage to the Appellees' property, had visited the site, and after observing the condition of the tree, had spoken with "an elderly couple" who appeared to be working in the Appellant's almost completed house. Mr. Perkins further testified that "the elderly couple" told him that the Appellant had instructed them to cut down the subject tree and that they had done it. Counsel for the Appellant had objected to such testimony as inadmissible hearsay pursuant to Florida Statute 90.802.

45

The Appellant then testified that he had not trespassed upon the Appellees' property, that he had not damaged the subject tree, and that he never ordered anyone to damage or cut the tree. The Appellant identified Paul and Helen Coker, an older couple, as his employees, who were doing work mainly on the inside of the Appellant's nearly completed house on an intermittent basis during the summer of 1983. However, the Appellant denied he had ever given Mr. or Mrs. Coker or any other persons instructions to cut or interfere with the Appellees' tree. He further testified that at the meeting held on his property with the Appellees, that he had agreed to move his house back twenty-eight (28) feet away from the water line in order to give the Appellees a better view along the water; and, since such a move meant that the Appellees' tree would be interfering with the Appellant's view, Appellee, Robert Niepold, agreed to remove or trim the tree so that it would not block the view from the Appellant's house when moved twenty-eight (28) feet back.

At the conclusion of the trial testimony, the Judge gave a Judgent for the Appellees in the amount of $1,085.00 and denied the Appellant's Counterclaim.

It is true that generally, except as provided by statute, hearsay evidence is inadmissible in a trial pursuant to Florida Statute 90.802. However, even though the record does not clearly reflect one way or the other, we believe that the trial court judge may have admitted the hearsay testimony of witness Perkins pursuant to Florida Statute 90.803(18)(d), which would find certain hearsay statements made to not be inadmissible as evidence, even though contrary to Florida Statute 90.802, and even though the Declarant is available as a witness when:

A statement by his agent or servant concerning a matter within the scope of the agency or employment thereof, made during the existence of the relationship. . .

Thus, if the employee makes a statement concerning a matter which is connected with a duty within the scope of his agency or employment, the statement is admissible both against the employee, and against the employer (Federal Rules of Evidence 801(d)(2)(D) is similar).

We find, however, some fundamental hurdles which cannot be overcome. Granted, the witness' testimony does constitute "hearsay" as defined by Florida Statute 90.801(1)(c) in that it was a statement other than one made by the declarant, who testifies at the trial or hearing, and offered in evidence to prove the truth of the matter asserted. And

46

granted, even though it was a hearsay declaration and could have been considered an admission against interest of the Appellant pursuant to Florida Statute 90.803(18)(d), the record reflects no identification of the "elderly couple" who made the statement to the witness, Mr. Perkins, as being Mr. and Mrs. Coker, the employees of the Appellant, nor any identification of time that would clearly relate to the particular incident in question. Because the statement was offered for the truth of the matter asserted within the statement and as an admission against the interest of the Appellant, justice would require that a legally proper identification be made of the declarant.

Unfortunately, had a proper court reporter's record of the proceedings been made, this issue would probably have been sufficiently clear for us to dispose of it without hesitancy or equivocation. Likewise, the Stipulated Statement offers no clarity on this aspect either. (We are aware that at the Motion for Rehearing, Appellant offered an Affidavit from the Cokers disavowing and contradicting Mr. Perkins' statement; however, this aspect of the case is not part of the hearsay evidence before us for review.)

This case is reversed and remanded back to the trial court for a rehearing consistent with the directions provided in this Opinion.

The Honorable Wallace R. Pack . . . CONCUR

The Honorable James R. Adams . . . CONCUR